UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OLIVER COWART** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3572** |
| **MEDITERRANEAN SHIPPING COMPANY (USA) INC.** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Personal Jurisdiction filed by defendant Columbus Stainless (pty) Ltd (Doc. #43) is **GRANTED**, and plaintiff's claims against Columbus are **DISMISSED**.

### BACKGROUND

Plaintiff, Oliver Cowart, filed this civil action against Mediterranean Shipping Company (USA) Inc. ("Mediterranean") and Columbus Stainless LTD ("Columbus") seeking damages for injuries he sustained when a truck that he was driving flipped onto its side when the cargo of steel in the shipping container on the truck shifted. Plaintiff alleges that Mediterranean and Columbus were negligent in their loading of the container.

Columbus is a foreign corporation whose principal place of business is in South Africa. Columbus sold the steel in the shipping container to American Utility Metals of Baton Rouge,

Louisiana. Columbus filed the affidavit of its Senior Legal Advisor and Company Secretary, Anthia Louverdis, in support of its motion to dismiss. In the affidavit Louverdis swears that the steel was packaged in South Africa by Dispack Packing and Distribution Services (Pty) Ltd.; Trans Africa Logistics packed the steel into the shipping container, which was owned by Mediterranean; the shipping container was transported to the Port of Durban, South Africa by a railcar, offloaded, placed into the stacks, and then loaded onto the vessel for its journey to New Orleans; and, once it arrived in New Orleans, the container was offloaded into the stacks, and then loaded onto the truck operated by plaintiff.

Columbus filed a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure arguing that it is not subject to personal jurisdiction in the United States District Court for the Eastern District of Louisiana.

## ANALYSIS

### A.     Legal Standard for *In Personam* Jurisdiction

Personal jurisdiction over a non-resident defendant is determined by the state's long-arm statute and the Due Process Clause of the Constitution of the United States. ICEE Distrib., Inc. v. J&J Snack Foods, 325 F.3d 586, 591 (5th Cir. 2003). Because Louisiana's long-arm statute extends to the limits of the Due Process Clause of the Fourteenth Amendment, the inquiry is whether subjecting a defendant to personal jurisdiction in Louisiana would offend due process. See Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 335 (5th Cir. 1999). Due process is not offended if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does

not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 66 S.Ct. 154, 158 (1945) (internal quotation and citation omitted).

"The plaintiff bears the burden of establishing [personal] jurisdiction but is required to present only *prima facie* evidence." Seiferth v. Helicopteros Attuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006). The court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery" in considering a motion to dismiss for lack of personal jurisdiction. Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002) (citing Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 19985)). Further, the "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008) (quoting D.J. Invs. V. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 546 (5th Cir. 1985)). However, unsubstantiated conclusory allegations are insufficient to establish personal jurisdiction. See Panda Brandywine Corp. v. Potomac Elec. Power, 253 F.3d 865, 868 (5th Cir. 2001).

Personal jurisdiction may be either specific jurisdiction or general jurisdiction. Defendants can be subject to general *in personam* jurisdiction if they have "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 104 S.Ct. 1868, 1872 n.9 (1984). The continuous corporate operations within a state must be substantial and of such a nature as to justify suit. Int'l Shoe, 66 S.Ct. at 159. The "test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V., 249 F.3d 413, 419 (5th Cir. 2001). "'[E]ven repeated contacts with forum residents by a

foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction . . .'". Johnston, 523 F.3d at 609-10(quoting Revell, 317 F.3d at 471 (citations omitted)).

When an action arises out of or is related to the defendant's contacts with the forum, jurisdiction is commonly referred to as "specific jurisdiction." See Helicopteros Nacionales, 104 S.Ct. at 1872 n.8.

> Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, [the] "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum . . . and the litigation results from alleged injuries that "arise out of or relate to" those activities.

Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2182 (1985) (citations and footnotes omitted). The United States Court of Appeals for the Fifth Circuit has stated that "specific personal jurisdiction is a claim-specific inquiry," and that "[a] plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009) (quoting Seiferth, 472 F.3d at 274). "A single act by the defendant directed at the forum state . . . can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc, 9 F.3d 415, 419 (5th Cir. 1993) (citing Helicopteros Nacionales, 104 S.Ct. at 1872 n.8).

The court applies a three-step analysis to determine specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out

>of or result from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

Seiferth, 472 F.3d at 271. "If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." Id.

**B.** *In Persoman* **Jurisdiction over Columbus**

    **1.** **Specific Personal Jurisdiction**

Plaintiff argues that the court has specific personal jurisdiction over Columbus because it owned the steel in the container on the truck, and Columbus' improper loading of the cargo in the container caused or contributed to the accident.

In support of its Motion to Dismiss, Columbus filed the affidavit of its Senior Legal Advisor and Company Secretary, Anthia Louverdis. In the affidavit Louverdis swears that Columbus sold the steel to American Utility, and that Columbus was not involved in packaging the steel or loading it into the shipping containers.

Plaintiff presents no evidence to support is allegations that Columbus was negligent for failing to properly load the cargo, failing to ensure that it was properly loaded, failing to warn plaintiff that the cargo was improperly loaded, and for supplying an improperly loaded container, nor to controvert Louverdis' affidavit. Therefore, plaintiff has not met his burden of establishing a *prima facie* case that Columbus is subject to specific personal jurisdiction in Louisiana.

### 2. General Personal Jurisdiction

Louverdis' affidavit provides information regarding Columbus' contacts with Louisiana. She swears that Columbus does not have any offices in Louisiana; does not own any property in Louisiana; does not maintain bank accounts in Louisiana; does not pay taxes in Louisiana; has never been registered to do business in Louisiana; and, does not manufacture or advertise its products in Louisiana. Louverdis represents that Columbus receives less than 0.8% of its annual revenue from business with American Utility, its only customer in Louisiana.

Plaintiff contends that Columbus' contacts with Louisiana are sufficient to subject it to general personal jurisdiction in Louisiana. Plaintiff argues that Columbus had "continuous and systematic contacts" with Louisiana because it transacts business with American Utility, is affiliated with companies that have a presence in the United States, and stored 367 metric tons of cargo in Louisiana for ten months.

Plaintiff cites the deposition of Columbus' corporate representative, Lambreus Daniel Griesel, in support of its argument for general personal jurisdiction over Columbus. Plaintiff contends that Griesel's testimony proves that Columbus had continuous and systematic contacts with Louisiana. Griesel testified that he travels to Louisiana once or twice a year to discuss business and solidify contacts with American Utility, and that in the three years he worked as regional export manager he came to Louisiana 5 times. He also testified that American Utility is Columbus' client in Louisiana; that for at least the last 10 years it has placed about 1 order per month with Columbus; that it purchases more than $1,000,000 per year worth of steel from Columbus, which is 4 times more business than Columbus does with any other company in the United States; and, that the vast

majority of the business Columbus does in the United States is in Louisiana. Also, Charles Beckett, a representative of Utility Stainless, a North Carolina company, has traveled to Louisiana 5 or 6 times to meet with American Utility on behalf of Columbus. Griesel further testified that "[m]any times it is necessary to speak on a daily basis by e-mail and telephone." Griesel testified that "it could be safe to say that [Columbus does] regular business" with American Utility in Louisiana.

Plaintiff also contends that Columbus' parent company's contacts with Louisiana should be attributed to Columbus to establish general personal jurisdiction over Columbus. Acerinox, S.A., a Spanish corporation, owns 76% of Columbus. North American Stainless, a corporation with its principal place of business in Kentucky, is a member of the Acerinox Group. According to North American's website, it "benefits from global resources and a presence in the major international markets." Also, Griesel testified that the companies are part of the same group, share information, and do not compete with similar products. He testified that individuals from the Columbus meet with individuals from North American and Acerinox about once a year to discuss production.

Plaintiff has not shown that the Columbus had "continuous and systematic" contacts with Louisiana sufficient to establish general personal jurisdiction. In Helicopteros, 104 S.Ct. 1868, the Supreme Court of the United States found that the defendant's contacts with Texas, although relatively extensive, were insufficient to support the exercise of general personal jurisdiction. Over a six year period the defendant purchased 80% of its helicopter fleet, spare parts, and accessories for more than $4,000,000 from a Texas company; sent employees to Texas for training and technical consultations; and received a check for over $5,000,000 that was drawn upon a Texas bank. Id. However, the Court held that the contacts were not substantial enough, even taken together, to

7

justify the exercise of general personal jurisdiction over the defendant. Id. Further, the United States Court of Appeals for the Fifth Circuit has required a defendant to "have a business presence *in* Texas, and not just [to] do business *with* Texas." Access Telecom, Inc. v. MCI Telecomms. Corp., 197 F.3d 694, 717-18 (5th Cir. 2009) (holding no general personal jurisdiction although defendant derived millions of dollars each month from Texas residents); see also Dalton v. R&W Marine, Inc., 897 F.2d 1359, 1362 (5th Cir. 1990) (holding no general personal jurisdiction although defendant earned over 12% of its total revenues from sales in the forum state).

Similarly, Columbus' contacts with Louisiana are insufficient to subject it to general personal jurisdiction in Louisiana. Columbus' sales to one customer in Louisiana, and its representatives' trips to the state to maintain that customer, do not create a general business presence in Louisiana. Plaintiff has not shown that Columbus directs its business toward Louisiana, or that Columbus' sales to Louisiana residents comprise a substantial portion of its business. Columbus' sales in Louisiana constitute only 0.8% of its annual revenue. There is no evidence that Columbus markets its products in Louisiana or otherwise specifically directs its business to Louisiana in general.

Further, plaintiff has not provided any evidence regarding the extent of Acerinox or North American's contacts with Louisiana. Also, there is not enough evidence about the relationship between the companies to find that the related company's contacts with Louisiana, if any, are attributable to Columbus. The existence of a parent-subsidiary relationship is insufficient to attribute one company's contacts to the other, unless the parent "so dominates the subsidiary that 'they do not in reality constitute separate and distinct corporate entities . . .'". Dalton, 897 F.2d at 1363 (quoting Hargrave v. Fibreboard Corp., 710 F.2d 1154, 1159 (5th Cir. 1983) (citations

omitted)). The evidence shows that, at most, Acerinox has a majority interest in Columbus, the companies in the group share information, and the companies in the group do not sell competing products. There is no evidence regarding Acerinox's dominance over Columbus' operations. Therefore, plaintiff has not shown that Columbus is subject to general personal jurisdiction in Louisiana.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Personal Jurisdiction filed by defendant Columbus (Doc. #43) is **GRANTED**, and plaintiff's claims against Columbus are **DISMISSED**.

New Orleans, Louisiana, this __15th__ day of February, 2011.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**